UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **FARIS ABD AL-ALI,** ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 3:07-1086 |
| ) | JUDGE ECHOLS |
| **STEPHEN DOTSON, WARDEN,** ) | |
| ) | |
| Respondent. ) | |

### ORDER

Pending before the Court are the *pro se* Petition For [Great] Writ of Habeas Corpus Relief (Docket Entry No. 4-1), under 28 U.S.C. § 2254, Respondent's Motion to Dismiss (Docket Entry No. 14), the Report and Recommendation ("R&R") entered by the United States Magistrate Judge on May 12, 2008 (Docket Entry No. 18), and

Petitioner's Response (Docket Entry No. 20). Although Petitioner filed his Response after the Magistrate Judge issued the R&R, Petitioner does not make any objections to the R&R. Rather, Petitioner complains that he was not given an opportunity to respond to the Motion to Dismiss, and his "Response" is offered in opposition to Respondent's Motion to Dismiss. The Court has considered the "Response" as such.

In reviewing an R&R, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

1

In the thorough 18-page R&R, the Magistrate Judge addressed each of Petitioner's claims and concluded that the Motion to Dismiss should be granted. This Court has reviewed the entire record *de novo*, even though Petitioner did not file any specific objections to the R&R. The Court does not find any error of fact or law in the R&R. Accordingly,

(1) The R&R of the Magistrate Judge (Docket Entry No. 18) is hereby ACCEPTED;

(2) Respondent's Motion to Dismiss (Docket Entry No. 14) is hereby GRANTED;

(3) The Petition For [Great] Writ of Habeas Corpus Relief (Docket Entry No. 4-1) is hereby DENIED for the reasons stated in the R&R;

(4) This case is hereby DISMISSED WITH PREJUDICE;

(5) Entry of this Order on the docket shall constitute entry of final judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a);

(6) Because Petitioner cannot demonstrate that reasonable jurists would find it debatable whether the Court was correct in its procedural default ruling or that reasonable jurists would find the Court's assessment of the constitutional claims debatable or

wrong, a Certificate of Appealability on Petitioner's claims will not issue.  See <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000); and

(7) The Court hereby CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith.

IT IS SO ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

3